ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE DORADO<br><br>Recurrente-Interventor<br><br>V.<br><br>OFICINA DE GERENCIA DE PERMISOS (OGPe)<br><br>Agencia Recurrida<br><br>INTEGRATED COMMERCIAL DEVELOPERS, LLC; PC/ ING. CAMILO ALMEYDA EURITE<br><br>Proponente-Recurrido | KLRA202400639<br><br>consolidado con<br><br>KLRA202400643 | *Revisión Administrativa* procedente de la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (OGPe): 2024-584666-SDR-301079 2023-472444-SDR-011410<br><br>Núm. de solicitud de consulta de construcción ante la OGPe: 2021-416760-CCO-008428<br><br>Sobre: Solicitud de Consulta de Construcción para una Estación de Gasolina |
| DORADO HEALTH GROUP, LLC<br><br>Interventora-Recurrente<br><br>V.<br><br>OFICINA DE GERENCIA DE PERMISOS<br><br>Recurrido<br><br>INTEGRATED COMMERCIAL DEVELOPERS, LLC<br><br>Dueño-Recurrido<br><br>ING. CAMILO ALMEYDA EURITE<br><br>Proponente-Recurrido | | *Revisión Administrativa* 2024-584982-SDR-301086 consolidada con 2024-584666-SDR-301079<br><br><br>Caso Núm.: 2021-416760-CCO-008428<br><br><br>Sobre: Resolución de Revisión Administrativa. Resolución de Consulta de Construcción |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2025.

Comparecen ante ese foro revisor la parte interventora-recurrente,

el Municipio Autónomo de Dorado (Municipio) mediante recurso de revisión

Número Identificador
SEN2025_____

judicial con el alfanumérico KLRA202400639 y la también interventora-recurrente Dorado Health Group, LLC (DHG) mediante el recurso consolidado de epígrafe e identificado con el alfanumérico KLRA202400643. Ambas partes recurren contra la Oficina de Gerencia de Permisos (OGPe; agencia recurrida), sobre una *Resolución de Revisión Administrativa* emitida por la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos (División; DRA) y notificada el 18 de octubre de 2024, la cual confirmó una *Resolución de Consulta de Construcción* aprobada por la Junta Adjudicativa de la Oficina de Gerencia de Permisos (Junta Adjudicativa) el 4 de junio de 2024.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos la *Resolución de Revisión Administrativa* recurrida.

**I**

Con el propósito de desarrollar un proyecto comercial de una estación de gasolina en el Municipio de Dorado, Integrated Commercial Developers, LLC (Integrated) presentó ante la Junta Adjudicativa una consulta de construcción. Los terrenos objeto de dicha consulta ubican en el Lote 8 de la Carretera PR-694 del Barrio Higuillar del Municipio de Dorado y, de acuerdo con el Mapa de Calificación del Municipio, se encuentra dentro de un Distrito de Calificación Industrial Liviano (I-L).[1] Dicha ubicación colinda por su lado Este con una propiedad de Dorado Health Group, LLC. Por tal motivo, ante la presentación de la consulta, el Municipio Autónomo de Dorado y Dorado Health Group, LLC solicitaron ser incluidas como interventoras durante el proceso administrativo, y así se les fue permitido.

Mientras se llevó a cabo la celebración de las vistas públicas de la consulta, el 13 de septiembre de 2022, DHG simultáneamente presentó una consulta de ubicación para un proyecto comercial turístico con un componente institucional, denominado Dorado Wellness Community

---

[1] Apéndice del recurso KLRA202400643, pág. 26.

Center.[2] Como resultado de lo anterior, DHG se opuso en las vistas a la favorabilidad de la consulta de construcción de Integrated. Esto por motivo de que el uso de la estación de gasolina podría representar la denegatoria de acreditaciones para su proyecto/hospital o que no le asignen fondos federales, si se llegara a aprobar la gasolinera a una distancia menor de los 305 metros reglamentarios.[3] El Municipio también objetó el proyecto alegando que el Lote 8 colinda por el Sur con una Ruta Escénica (R-E) y estableció que la gasolinera no cumple con las distancias reglamentarias aplicables cuando se está en un distrito de Ruta Escénica.[4]

Luego de celebradas las vistas públicas requeridas y entregada la documentación pertinente, la Junta Adjudicativa, a tenor con lo que obra en el expediente y el derecho aplicable, determinó lo siguiente:

> De la prueba presentada y creída surge que el uso de estación de gasolina es ministerial en el distrito en que ubica, y la parte proponente demostró que el proyecto cumple con todas las disposiciones aplicables para una estación de [g]asolina incluyendo las distancias a un predio en donde se proyecta una escuela como parte de un hospital que al momento de radicar la Consulta de Construcción para consideración no estaba radicada. La parte proponente obtuvo del SBP [Single Business Portal] los planos que se radicaron para el hospital y se utilizaron para demostrar en la vista que el proyecto de la estación de gasolina cumplía.
>
> […]
>
> Por la presente, tomando en consideración lo anteriormente expuesto, y en virtud de las facultades conferidas mediante las leyes, normas y órdenes administrativas vigentes, la Junta Adjudicativa de la Oficina de Gerencia de Permisos (OGPe), acordó **FAVORABLE** la Consulta de Construcción Núm. 2021-416760-CCO-008428, para un predio de terreno en la Carr. PR-694, Km. 2.2 (Lote Núm. 8), Barrio Higuillar del Municipio de Dorado. Se condiciona a:
>
> - Se dispone que previo a la presentación de la solicitud de Permiso de Construcción, se deberá segregar el área a desarrollar (8,556.3903 MC), en que se propone el proyecto de la finca (Lote Núm. 8), con una cabida de 18.43 cuerdas aproximadas, de manera que esté en cumplimiento con la Sección 8.8.1.6 — Separación Respecto a Otros Usos.

---

[2] Apéndice del recurso, pág. 68.
[3] Apéndice del recurso, pág. 30.
[4] Apéndice del recurso, pág. 36.

- Obtener y cumplir con Recomendaciones de agencias de infraestructura (AAA, AEE/LUMA, ACT, NET) para el proyecto propuesto.[5]

Inconformes con lo resuelto por la Junta Adjudicativa, ambas interventoras acudieron a la División de Revisiones Administrativas en junio de 2024 y sometieron sus solicitudes de revisión. Por estas referirse a la misma determinación, fueron consolidadas y atendidas conjuntamente. En su solicitud, **el Municipio planteó que según el Reglamento Conjunto de 2020 era necesario lotificar la ubicación previo a solicitar una consulta de construcción** y **alegó que el proyecto propuesto de la construcción de una estación de gasolina colindaba con la Ruta Escénica y este no cumplía con las distancias requeridas respecto a dicho distrito**. Por otro lado, **DHG señaló como error el hecho de que se declarara favorable la consulta de construcción** en cuestión **sin que se atendiera el planteamiento de Ruta Escénica el cual hacía que el uso de la gasolinera fuese discrecional en lugar de ministerial como se había clasificado inicialmente**. También **indicó como error la favorabilidad de la consulta de construcción sin que se hubiesen entregado recomendaciones de infraestructura** y **mientras había una consulta de ubicación para el hospital que había sido aprobada con anterioridad a declararse favorable la consulta de construcción**.[6] Atendidos los señalamientos de error de ambas partes, la División esbozó el derecho aplicable a tenor con la Ley 161-2009 y el Reglamento Conjunto de 2020 y concluyó que procedía que se sostuviera la determinación de la OGPe, por lo que el 18 de octubre de 2024 declaró No Ha Lugar las revisiones presentadas.[7]

Aún inconformes, tanto el Municipio como DHG acuden ante este foro intermedio mediante los recursos de revisión judicial presentados. El recurso presentado por el Municipio contiene un único señalamiento de error, el cual exponemos a continuación:

---

[5] Apéndice del recurso KLRA202400643 (recurso), págs. 43-44.
[6] Apéndice del recurso, págs. 285-287.
[7] Apéndice del recurso, págs. 297-302.

ERRÓ LA DRA AL CONFIRMAR LA RESOLUCIÓN SOBRE CONSULTA DE CONSTRUCCIÓN EMITIDA POR LA JUNTA ADJUDICATIVA DE LA OGPE A PESAR DE QUE EL PROPONENTE NO CUMPLIÓ CON LOS REQUISITOS SUSTANTIVOS Y PROCESALES APLICABLES.

Por su parte, DHG presentó en su recurso los siguientes señalamientos de error:

ERRÓ LA DIVISIÓN DE REVISIONES ADMINISTRATIVAS AL DETERMINAR QUE LAS SOLICITUDES DE RECOMENDACIÓN NO TIENEN QUE SER SOLICITADAS PREVIO A LA RADICACIÓN DE UNA CONSULTA DE CONSTRUCCIÓN.

ERRÓ LA DIVISIÓN DE REVISIONES ADMINISTRATIVAS AL DETERMINAR QUE LAS DISPOSICIONES DE RUTA ESCÉNICA DEL RC2020 NO LE SON DE APLICACIÓN A LA CONSULTA DE LA GASOLINERA.

ERRÓ LA DIVISIÓN DE REVISIONES ADMINISTRATIVAS AL DETERMINAR QUE LA SECCIÓN 8.8.1.6 DEL RC2020, NO LE ES DE APLICACIÓN EN ESTOS MOMENTOS A LA CONSULTA DE LA GASOLINERA.

El 6 de diciembre de 2024, emitimos una *Resolución* donde concedimos a las partes recurridas hasta el 18 de diciembre de 2024 para presentar sus alegatos. Tanto Integrated como la OGPe presentaron de manera oportuna sus escritos el 11 de diciembre de 2024 y el 17 de diciembre de 2024 respectivamente. Como corolario de lo anterior, los recursos consolidados quedaron perfeccionados, por lo que nos hallamos en posición de resolver.

**II**

Los procedimientos y las decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. De P.R.*, 176 DPR 978, 1006 (2009).

La norma general es que las decisiones de los organismos administrativos deben ser consideradas con gran deferencia por los

Tribunales apelativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les han delegado. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 186 (2009). Sus decisiones deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente. *Borschow Hosp. V. Jta. De Planificación*, 177 DPR 545, 566 (2009).

Por lo tanto, para convencer al Tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 DPR 156, 170 (2005).

En cuanto a las conclusiones de derecho, éstas serán revisables en todos sus aspectos por el Tribunal. Los Tribunales, como conocedores del derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 470 (2009). Éstos están en la misma posición que la agencia al evaluar la prueba documental y pericial. *Rebollo v. Yiyi Motors*, 161 DPR 69, 78 (2004). A pesar de ello, los Tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. *JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

**B**

La Sección 5.1.1.3 del Reglamento Conjunto de 2020 titulada USO O DISPOSICIÓN DE TERRENOS LOTIFICADOS dispone lo siguiente:

> No se construirá ningún edificio ni se dispondrá en forma alguna de ningún terreno, ni se expedirá **permiso** alguno para uso de terrenos o para edificaciones, hasta tanto el Plano de Inscripción correspondiente haya sido aprobado, salvo en los siguientes casos:
>
> a. Urbanizaciones- Se podrá autorizar la construcción de las estructuras conjuntamente con las obras de urbanización sin haberse autorizado los planos de inscripción.

    b. Lotificaciones Producto de Reparcelación - Se podrá imponer limitación al uso o disposición, aún luego de aprobarse el Plano de Inscripción, hasta tanto se construyan y acepten las obras de urbanización necesarias para los usos contemplados en el Plan Territorial o en este Reglamento.

En su Capítulo 8.8 dedicado a estaciones de gasolina, el Reglamento Conjunto también dispone en su Sección 8.8.1.6 lo siguiente:

SEPARACIÓN CON RESPECTO A OTROS USOS

a. Cualquier solar en que se proyecte construir o ampliar una estación de gasolina deberá mantener una separación mínima de cincuenta (50) metros radiales de cualquier área natural o cuerpo hídrico, o de otro solar en que exista o se proyecte la construcción de: biblioteca, Tribunal, corte, hospital, iglesia, hospedajes especializados, caso de salud, museo, parque, plaza pública, alcaldía y armería.

b. Se mantendrá una separación de un radio de mil (1,000) pies (305 metros), según dispuesto en la Ley 169-2003, en el caso de escuelas públicas o privadas o institución educativa postsecundaria, centro de cuidado de niños o envejecientes, universidad, academia, reformatorio, institución penal, centro de rehabilitación, centro de diagnóstico y tratamiento, dispensario médico o centro de cirugía ambulatoria.

c. **A los efectos de aplicación de la anterior disposición, se considerará como proyectado toda escuela, colegio, centro de cuidado de niños o envejecientes, universidad, academia, biblioteca, Tribunal, corte, hospital, iglesia, asilo, orfelinato, museo, parque, plaza pública, alcaldía, armería, reformatorio, institución penal, casa de salud, centro de rehabilitación, centro de diagnóstico y tratamiento, dispensario médico o centro de cirugía ambulatoria para lo cual [y]a se haya aprobado su consulta de ubicación, cuando se tratare de proyectos sometidos por algún organismo gubernamental o para lo cual se haya aprobado los planos de construcción, cuando se tratare de proyectos sometidos por ciudadanos particulares.** (Énfasis nuestro.)

**III**

Similar al señalamiento de error planteado en su solicitud de revisión administrativa, el Municipio plantea en su recurso de revisión judicial que la División erró en confirmar a la OGPe a pesar de que Integrated no había cumplido con todos los requisitos sustantivos y procesales. Al respecto, abundó al indicar que el Reglamento Conjunto de 2020 exigía que se lotificara la ubicación, previo a presentar una consulta de construcción al igual que indicó el proponente solicitar recomendaciones de infraestructura.

Cónsono a esto último, DHG en su recurso señaló que la División erró al determinar que las solicitudes de recomendación no tenían que ser solicitadas previo a una consulta de construcción y añadió que también erró al determinar que las disposiciones de Ruta Escénica no le aplicaban al proyecto de la gasolinera en adición a que la Sección 8.8.1.6 del Reglamento Conjunto de 2020(Reglamento) tampoco se aplicaba a la consulta de construcción.

Del mismo Reglamento Conjunto se desprende en su Sección 5.1.1.3 antes citada, que el requerimiento de lotificación es compulsorio cuando se trata de permisos de construcción. No obstante, en la situación de hechos del recurso, nos encontramos ante una solicitud de consulta de construcción, la cual tiene el propósito de evaluar la viabilidad de un proyecto. Al esto no constituir un permiso de construcción, no le asiste la razón a las recurrentes en cuanto a su reclamo de que hubo un error de interpretación del Reglamento. En cuanto a las solicitudes de recomendación, en las determinaciones de hechos quedó establecido que el uso de una estación de gasolina es ministerial. Cónsono al fundamento invocado por la División en la resolución recurrida, el Reglamento Conjunto antes citado define una Solicitud de Recomendación, como sigue:

> Solicitud de Recomendación – Petición que será solicitada a la OGPe **previo a la radicación de un permiso de construcción certificado cuando este sea uno de carácter ministerial,** de una consulta de ubicación o una consulta de construcción, con el propósito de verificar u obtener información sobre la disponibilidad de infraestructura o cualquier otra información especializada. (Énfasis nuestro.)

A la luz de lo anterior, no es irrazonable interpretar, tal y como hizo la División, que el Reglamento permite que las **solicitudes de recomendación** se tramiten previo a la solicitud de un permiso de construcción. Se trata de una gestión que Integrated aún no había realizado, solo había sometido la consulta de construcción. Por tal motivo, Integrated tenía la oportunidad de presentar las solicitudes de recomendación, según exige el Reglamento. También quedó taxativamente establecido en el expediente administrativo que el proyecto

de construcción de la estación de gasolina ubica en el distrito Industrial Liviano y no en uno de Ruta Escénica, por lo que las disposiciones referentes a este distrito no son de aplicación.

Por último, le asiste la razón a la División de Revisión Administrativa, al concluir que la Sección 8.8.1.6 tampoco es de aplicación a los hechos que nos atañen, ya que la misma disposición reglamentaria establece que su aplicación se limita a proyectos para los cuales se hayan aprobado los planos de construcción, cuando se tratare de proyectos sometidos por ciudadanos particulares. Al momento de evaluar la petición de revisión, surge del expediente que el proyecto de construcción de la gasolinera solo contaba con una consulta de construcción declarada favorable y no contaba con un plano de construcción aprobado como establece la Sección 8.8.1.6.

Al no demostrarse que la OGpe hubiese incurrido en error, ni haber actuado de manera irrazonable, confirmamos la determinación de la División.

**IV**

Por los fundamentos expuestos, se confirma la *Resolución de Revisión Administrativa* de la cual se recurre.

Notifíquese.

Lo acordó el Tribunal y manda la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones